IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Case No: 3:21-cv-00048

| | |
|---|---|
| Aereauna Houle, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) **ANSWER AND JURY DEMAND** |
| University of North Dakota, | ) ) ) |
| Defendant. | ) |

\*\*\*                              \*\*\*                              \*\*\*

COMES NOW, Defendant University of North Dakota ("UND"), and for its Answer to Plaintiff's Complaint, alleges and states as follows:

1.

Defendant denies each and every allegation, matter and thing in Plaintiff's Complaint, except that which is hereinafter admitted, qualified, or explained.

2.

Title IX rights and student safety at UND are among UND's highest values and central to its mission. Plaintiff's Complaint contains false and intentionally inflammatory allegations and unjustly maligns UND's efforts in service of that mission. The indisputable truth is that the 27-year-old Plaintiff had a consensual affair with a former UND professor, which affair she attempted to conceal. She did not report this sexual relationship to UND. When UND became aware of the relationship through independent channels, it immediately took appropriate steps to isolate the Plaintiff from the professor, which steps Plaintiff resisted and bypassed so the affair could continue. UND further took appropriate steps to offer the Plaintiff services which would have allowed her to continue her studies, which services she rebuffed. UND specifically denies

any of its actions subjected the Plaintiff to sexual discrimination or deprived the Plaintiff of educational opportunities or benefits.

3.

Defendant denies the allegations of paragraph 1 of the Complaint, in that Professor Andrew Quinn, far from being a "known harasser", had been disciplined once prior for a consensual relationship with a former student who was close to his own age. UND specifically denies that it believed Quinn had a proclivity to victimize students, and specifically denies Plaintiff Houle was in any way victimized by him.

4.

Defendant denies the allegations in paragraph 2 of the Complaint, to the extent it implies that Social Work Chair Carenlee Barkdull was deliberately indifferent or somehow knew Quinn would engage in unwelcome sexual contact with a student. In fact, as Plaintiff is aware, the comments attributed to Barkdull in the Complaint relate to an incident completely unrelated to any sexual behavior by Quinn.

5.

Defendant denies paragraph 3 of the Complaint to the extent it asserts that Plaintiff "promptly reported" any alleged quid pro quo harassment in December of 2018. Rather Plaintiff, who was 27 years old, had a consensual affair with Quinn. She deliberately took steps to conceal this affair from UND personnel and others. In fact, the Plaintiff never reported any sexual relationship to UND, and once a Title IX investigation was initiated, expressed her desire that it not happen and refused to cooperate with it. Nevertheless, once it became aware of the affair, UND immediately issued a no-contact directive to Quinn and a no trespass order which barred

him from campus. Plaintiff deliberately and surreptitiously continued to see Quinn both off and on campus after these orders were issued.

6.

Defendant denies paragraph 4 of the Complaint in its entirety. While UND admits issuing a no-contact and no trespass order to Quinn, both documentary and video evidence establishes Plaintiff continued to surreptitiously and willingly see Quinn after those orders were issued. UND specifically alleges it conducted a prompt and thorough investigation of Plaintiff's relationship with Quinn once it became aware of it, and took wholly appropriate steps to address any Title IX concerns, despite the consensual nature of the relationship and Plaintiff's unwillingness to have the investigation initiated or continued.

7.

Defendant denies paragraph 5 of the Complaint in its entirety. On or about March 30, 2019, Plaintiff was charged with domestic violence against her live-in boyfriend. This occurred after the boyfriend found Plaintiff and Quinn in bed together in the Plaintiff's UND apartment. The boyfriend videotaped the encounter, which is what led to the Plaintiff's arrest. Pending charges of domestic violence against a prospective social worker are serious. Plaintiff was placed on a "gatekeeping" plan in order to continue with her internship, and one of the requirements of which was regularly seeing a counselor to address the mental health issues that led to her legal problems. Plaintiff consistently failed to comply with the gatekeeping requirements, and eventually stopped communicating with the social work department entirely. Her failure to complete her degree was not the result of an unwanted sexual relationship; rather it was the result of the Plaintiff deliberately choosing not to continue her education at UND.

- 4 -

8.

Defendant specifically denies the allegation in paragraph 5 of the Complaint that Quinn's resignation in the midst of a disciplinary proceeding at UND was a "sweetheart deal." Faced with an allegation of a wholly consensual relationship between a tenured professor and an adult student, Title IX does not require a university to summarily terminate the professor without regard to due process.

9.

Defendant denies paragraph 6 of the Complaint in its entirety. Once again, UND made numerous attempts to work with Plaintiff and to allow her to complete her degree. Plaintiff refused to cooperate with those efforts, and eventually, refused to communicate with UND altogether.

10.

Defendant denies paragraph 7 of the Complaint in its entirety. Defendant specifically asserts it is not subject to liability under Title IX because it has an effective policy for reporting and redressing sexual harassment and other types of sex discrimination, pursuant to which the Defendant conducted a prompt and thorough investigation of Plaintiff's allegations, despite her reluctance to participate in the investigation.

11.

Defendant admits the allegations in paragraphs 8, 9, and 10 of the Complaint related to jurisdiction and venue.

12.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

- 5 -

13.

Defendant admits the allegations in paragraph 12 of the Complaint to the extent it asserts that UND is a State university and is located in Grand Forks, North Dakota.

14.

Defendant denies the allegations in paragraphs 13, 14, 15 and 16 of the Complaint.

15.

Defendant admits paragraph 17 of the Complaint.

16.

Defendant alleges the documents referenced in paragraphs 18 and 19 of the Complaint speak for themselves to the extent those documents exist. UND denies all allegations in paragraphs 18 and 19 of the Complaint not reflected in the express text of the referenced documents.

17.

Defendant admits paragraph 20 of the Complaint.

18.

Defendant alleges the documents referenced in paragraphs 21 and 22 of the Complaint speak for themselves to the extent those documents exist. UND denies all allegations in paragraphs 21 and 22 of the Complaint not reflected in the express text of the referenced documents.

19.

Defendant denies paragraph 23 of the Complaint.

20.

Defendant admits paragraphs 24 and 25 of the Complaint.

- 6 -

21.

Defendant admits the allegations in paragraphs 26 and 28 of the Complaint in that Quinn had a consensual sexual relationship with a former student in her 40's in the approximate timeframe alleged. UND specifically alleges the documents referenced in paragraphs 27-28 of the Complaint speak for themselves to the extent those documents exist. UND denies all allegations in paragraphs 27-28 of the Complaint not reflected in the express text of the referenced documents.

22.

Defendant denies paragraph 29 of the Complaint in its entirety, and specifically denies the allegation that UND did not conduct a thorough and appropriate Title IX investigation into the consensual relationship with the former student.

23.

Defendant alleges the documents referenced in paragraphs 30, 31, and 32 of the Complaint speak for themselves to the extent those documents exist. UND denies all allegations in paragraphs 30, 31, and 32 of the Complaint not reflected in the express text of the referenced documents. UND admits Quinn was reprimanded and placed on a performance improvement plan related to the consensual relationship with the former student. UND specifically denies there was anything inappropriate about the investigation conducted and the discipline imposed relating to the former student.

24.

Defendant admits the allegations of paragraph 33 of the Complaint, as the performance improvement plan had an end date of May of 2017.

25.

Defendant denies paragraph 34 of the Complaint to the extent it implies anything inappropriate occurred with respect to Quinn's tenure review.

26.

Defendant alleges the documents referenced in paragraphs 35, 36, and 37 of the Complaint speak for themselves to the extent those documents exist. UND denies all allegations in paragraphs 35, 36, and 37 of the Complaint not reflected in the express text of the referenced documents. Defendant specifically alleges the incident related by Chair Barkdull involved a dispute between Quinn and CVIC regarding services for one of Quinn's clients, and had nothing to do with any alleged sexual misconduct or sexual harassment.

27.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 38 and 39 of the Complaint, and therefore denies the same. Defendant admits plaintiff sought recommendations letters for graduate school from professors Muhs and Kitko.

28.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 40, 41, 42, and 43 of the Complaint, and therefore denies the same. While only Plaintiff and Quinn would be privy to the substance and context of the events alleged, based on subsequent actions by the Plaintiff, UND considers the conduct alleged to be false.

29.

Defendant denies the allegations in paragraphs 44, 45, 46, and 47 of the Complaint. Defendant specifically denies that any alleged reports Plaintiff made to UND prior to UND's initiation of a Title IX investigation -- through information not obtained from the Plaintiff -- constituted a report of sexual harassment or discrimination. Defendant further specifically denies that it failed to inform Plaintiff of her rights and options under Title IX. In fact, Plaintiff affirmatively requested that no action be taken.

30.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 48, 49, 50, 51, 52, and 53 of the Complaint, and therefore denies the same. While only Plaintiff and Quinn would be privy to the substance and context of the events alleged, based on subsequent actions by the Plaintiff, UND considers the conduct alleged to be false.

31.

Defendant denies the allegations contained in paragraphs 54, 55, and 56 of the Complaint.

32.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 57 and 58 of the Complaint, and therefore denies the same.

33.

Defendant denies the allegations of paragraphs 59 and 60 of the Complaint. Defendant specifically denies that Plaintiff at any time disclosed quid pro quo sexual harassment or sexual harassment, sexual abuse or sexual intimacy of any kind.

- 9 -

34.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 61 and 62 of the Complaint, and therefore denies the same.

35.

Defendant admits paragraph 63 of the Complaint to the extent that Quinn made a report to UND police expressing concern about potential domestic abuse between Plaintiff and her boyfriend. Defendant admits that Quinn's description of his relationship with Plaintiff prompted UND police to file a Title IX report.

36.

Defendant admits paragraph 64 of the Complaint to the extent that based on the report of UND police Defendant promptly commenced an investigation, and based on the allegations documented by the UND police, immediately placed Quinn on administrative leave, and issued a no-contact and no trespass order against him.

37.

Defendant admits paragraph 65 of the Complaint only to the extent that Quinn subsequently violated the no-contact and no trespass order, but affirmatively alleges the Plaintiff intentionally and surreptitiously continued the relationship with Quinn for months following issuance of the orders.

38.

Defendant alleges the documents referenced in paragraph 66 of the Complaint speak for themselves to the extent those documents exist. UND denies all allegations in paragraph 66 of the Complaint not reflected in the express text of the referenced documents.

39.

Defendant denies paragraph 67 of the Complaint, except to the extent that Donna Smith contacted Plaintiff on January 25, 2019, to follow up on Plaintiff's failure to show for a previously-scheduled meeting. On the contrary, Donna Smith at all times conducted an appropriate and thorough Title IX investigation, without the cooperation of Plaintiff, and offered all appropriate interim measures and support.

40.

Defendant denies paragraph 68 of the Complaint to the extent it implies Plaintiff's letter to UND -- in which she denied Quinn had done anything inappropriate -- was non-consensual or signed out of fear of retaliation by Quinn. Rather, the letter is entirely consistent with the position Plaintiff expressed to UND during the relevant time period.

41.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, and therefore denies the same.

42.

Defendant denies paragraph 70 of the Complaint. Rather, on March 30, 2019, UND police responded to a 911 "domestic in progress" call at the apartment shared by Plaintiff and her boyfriend. Plaintiff's boyfriend arrived home to find the Plaintiff in bed with Quinn. In response Plaintiff physically attacked her boyfriend. The attack was documented on video. Plaintiff was subsequently charged with simple assault and domestic violence based on the video evidence.

43.

Defendant denies paragraph 71 of the Complaint to the extent it makes allegations outside the memorandum of the gatekeeping meeting, which speaks for itself. The meeting was called due to Plaintiff's arrest for domestic violence and was called for the specific purpose of determining a means by which Plaintiff could successfully complete her internship and clinical studies.

44.

Defendant denies paragraph 72 of the Complaint. Defendant admits it was agreed at the gatekeeping meeting that Plaintiff would attend regular counseling sessions, but it specifically denies that Plaintiff complied with this agreement. In fact, Plaintiff was sporadic in her attendance at counseling sessions and no-showed for many of the appointments. Defendant also specifically denies Plaintiff was at any time denied campus-based counseling services, or that UND did anything other than what was in her best interests. Rather, Plaintiff ceased all contact with UND and refused to respond to inquiries as to her status.

45.

Defendant denies paragraph 73 of the Complaint.

46.

Defendant denies paragraph 74 of the Complaint, and admits only that Quinn resigned from UND during the termination process. Defendant specifically denies this was a "sweetheart deal" or that UND was somehow obligated to deprive Quinn of due process or insist on pursuing the termination process in light of that resignation.

47.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, and therefore denies the same.

48.

Defendant denies the allegations in paragraphs 76 and 77 of the Complaint.

49.

Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 78 and 79 of the Complaint, and therefore denies the same.

50.

Defendant denies the allegations in paragraph 80 of the Complaint, and alleges the Plaintiff refused to respond to communications from UND and to take any steps to continue her education. Defendant denies Plaintiff has been damaged in any way due to UND's action or inaction.

51.

Defendant denies all remaining allegations of the Complaint, paragraphs 81-105. Defendant further asserts it cannot be found to have violated Title IX because it had policies designed to prevent and correct harassment and, upon notice of the alleged inappropriate relationship, took prompt and effective action to address it.

52.

Defendant specifically denies appropriate officials had sufficiently detailed knowledge of any alleged impropriety to constitute deliberate indifference.

## AFFIRMATIVE DEFENSES

53.

Defendant re-alleges all previous allegations and denials.

54.

The State of North Dakota is immune from suit under the Eleventh Amendment to the United States Constitution.

55.

Plaintiff has failed to mitigate her damages, if any.

56.

Defendant asserts that Plaintiff was not damaged at all or to the extent claimed.

57.

Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

58.

Defendant specifically asserts it is not subject to liability under Title IX because it has an effective policy for reporting and redressing sexual harassment and other types of sex discrimination, pursuant to which the Defendant conducted a prompt and thorough investigation of Plaintiff's allegations, despite her reluctance to participate in the investigation.

59.

To the extent this consensual relationship constituted sexual harassment or discrimination, Defendant specially denies it had actual knowledge of the same or was deliberately indifferent to it.

60.

Pending completion of discovery, Defendant alleges and incorporates by reference all affirmative defenses under Fed. R. Civ. Proc. 8, 9 and 12.

61.

WHEREFORE, Defendant University of North Dakota denies that Plaintiff Houle is entitled to judgment against it in any amount or to any legal or equitable relief or remedy whatsoever, and asks that Plaintiff's Complaint be dismissed, with costs awarded to the Defendant.

DEFENDANT HEREBY REQUESTS A JURY OF THE MAXIMUM SIZE ALLOWED BY LAW.

Dated this 4th day of May, 2021.

      By  /s/ Scott K. Porsborg
         Scott K. Porsborg (ND Bar ID #04904)
         sporsborg@smithporsborg.com
         Brian D. Schmidt (ND Bar ID #07498)
         bschmidt@smithporsborg.com
         Special Assistant Attorneys General
         122 East Broadway Avenue
         P.O. Box 460
         Bismarck, ND 58502-0460
         (701) 258-0630

         Attorneys for Defendant, University of North Dakota

- 15 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May, 2021, a true and correct copy of the foregoing **ANSWER AND JURY DEMAND** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

| | |
|---|---|
| Laura L. Dunn<br>Attorney at Law<br>1717 K Street NW, Suite 900<br>Washington, DC 20006 | LDunn@LLDunnLawFirm.com |
| Timothy Q. Purdon<br>Attorney at Law<br>1207 W. Divide Ave., Suite 200<br>Bismarck, ND 58501 | TPurdon@RobinsKaplan.com |

By /s/ Scott K. Porsborg
    SCOTT K. PORSBORG