**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
EASTERN DIVISION

| | | |
|---|---|---|
| Aereauna Houle, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 3:21-cv-00048 |
| | ) | |
| vs. | ) | **STIPULATION FOR A** |
| | ) | **PROTECTIVE ORDER** |
| University of North Dakota, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*                         \*\*\*                         \*\*\*

Upon stipulation of the parties for an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1.      As used in the Protective Order, these terms have the following meanings:

"Attorneys" means counsel of record;

"Confidential" documents are documents designated pursuant to paragraph 2;

"Documents" are all materials within the scope of Fed. R. Civ. P. 34;

"Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.      A party acting in good faith may designate a document as "Confidential" information within the scope of Fed. R. Civ. P. 26(c) or when otherwise protected by state or federal law, such as education records under the Family Educational Rights and Privacy Act (FERPA) and health records Health Insurance Portability and Accountability Act (HIPAA).

3.      All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, or any consolidated action,

and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 4.  Any other use is prohibited.

4.      Access to any "Confidential" document shall be limited to:

(a)      The Court and its staff;

(b)      Attorneys, their law firms, and their Outside Vendors;

(c)      Persons shown on the face of the document to have authored or received it;

(d)      Court reporters retained to transcribe testimony;

(e)      The parties;

(f)      Outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) after they are retained by a party or party's Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services, and/or to give testimony in this action.

5.      Third parties producing documents in the course of this action may also designate documents as "Confidential", subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action.  All documents produced by such third parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "Confidential" pursuant to the terms of the Protective Order.

6.      Each person appropriately designated pursuant to paragraph 4(f) to receive Confidential information shall execute a "Written Assurance" in the form attached as Exhibit A.

7.      All depositions or portions of depositions taken in this action that contain

information designated as "Confidential" pursuant to paragraph 2 will thus obtain the protections accorded other "Confidential" documents.  Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the transcript.  Unless otherwise agreed, depositions shall be treated as "Confidential" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

8.     Any party who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated documents. Any party receiving such improperly designated documents shall retrieve such documents and, upon receipt of the substitute documents, shall return or destroy the improperly designated documents.

9.     If a party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the U.S. District Court for the District of North Dakota.  That policy provides that if a party seeks to file documents designated as "Confidential," the party must first file a motion for leave to file under seal, accompanied by a memorandum in support, setting forth the legal basis for sealing the documents. If only portions of the documents designated as "Confidential" contain sensitive information, and a party seeks to file the documents with the court, that party must (1) file a motion for leave to file under seal and a memorandum in support of the motion, which provides an explanation of the legal basis for redacting information from the document, and (2) attach to the motion for leave to file under seal an unredacted copy of the document and a proposed redacted copy of the document.

The proposed redactions shall be highlighted or otherwise identified in a manner that enables the Court and the other party to easily review the proposed redactions. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the parties may seek further protections against public disclosure from the Court.

10.      Any party may request a change in the designation of any information designated "Confidential". Any such document shall be treated as designated until the change is completed.  If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected.  The party asserting that the material is Confidential shall have the burden of proving that the information in question is within the scope specified in paragraph 2.

11.      Within 60 days of the termination of this action, including any appeals, each party shall, if allowed by law, either destroy or return to the opposing party all documents designated by the opposing party as "Confidential", and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.  Each party shall provide a certification as to such return or destruction within the 60-day period.  However, Attorneys shall be entitled to retain one set of all documents filed with the Court and all correspondence generated in connection with the action.

12.      Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13.      No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or

admissibility of evidence.

    14.    This stipulation does not usurp North Dakota Open Records laws. To the extent there is a conflict between this stipulation and the obligations of any written assurance executed pursuant to this stipulation and North Dakota law as it pertains to public records, North Dakota law controls.

    Stipulated to:

Dated: 06/07/2021               L.L. DUNN LAW FIRM, PLLC

                       By    /s/ Laura L. Dunn
                              Laura L. Dunn
                              LDunn@LLDunnLawFirm.com
                              1717 K Street NW, Suite 900
                              Washington, DC 20006
                              (202) 302-4679

                              and

                              Timothy Q. Purdon (ND Bar ID #05392)
                              ROBINS KAPLAN LLP
                              TPurdon@RobinsKaplan.com
                              1207 W. Divide Ave., Suite 200
                              Bismarck, ND 58501
                              (612) 349-8767

                              *Attorneys for Plaintiff, Aereauna Houle*

Dated: 06/05/2021               By    /s/ Scott K. Porsborg
                              Scott K. Porsborg (ND Bar ID #04904)
                              sporsborg@smithporsborg.com
                              Brian D. Schmidt (ND Bar ID #07498)
                              bschmidt@smithporsborg.com
                              Special Assistant Attorneys General
                              122 East Broadway Avenue
                              P.O. Box 460
                              Bismarck, ND 58502-0460
                              (701) 258-0630

                              *Attorneys for Defendant, University of North Dakota*

**EXHIBIT A**

**WRITTEN ASSURANCE**

_____, declares that:

I reside at _____ in the

City of _____, County of _____, State of

_____. My telephone number is _____.

I am currently employed by _____,

located at _____,

and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____,

filed in Case No. _____, pending in the United States District Court

for the District of North Dakota (hereinafter the "Court").  I agree to comply with and be bound

by the provisions of the Protective Order.  I understand that any violation of the Protective Order

may subject me to sanctions by the Court.

I shall not divulge any documents, copies of documents, or information contained in

documents designated "Confidential" obtained pursuant to the Protective Order, or the contents

of such documents, to any person other than those specifically authorized by the Protective

Order.  Further, I shall not copy or use such documents or information contained therein except

for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall

return to the attorney from whom I have received them any documents in my possession

designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and

indices relating to such documents.

- 6 -

I hereby submit myself to the jurisdiction of the United States District Court for the District of North Dakota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____          _____
                    (Date)                                    (Signature)